[No. 73. Third Appellate District.—October 4, 1905.]

ANDREW JORDAHL, Respondent, v. J. A. HAYDA et al., Appellants.

INJUNCTION AGAINST LABOR UNION—INJURY TO RESTAURANT BUSINESS.—INTIMIDATION OF PATRONS—ABSENCE OF PHYSICAL FORCE—SUPPORT OF FINDINGS.—In an action to restrain the members and agents of a labor union from interfering with the plaintiff's business, by intimidation of patrons, findings that they have "interfered with and intimidated" the patrons of plaintiff's restaurant, and have "prevented" them from entering and patronizing the same, and have patrolled the sidewalk for the purpose of "driving customers away" therefrom, do not imply the use of physical force, and they are supported by evidence, which, though conflicting, tends to show conduct, short of physical force, amounting to intimidation of the patrons of plaintiff and to an unwarrantable interference with the peaceable prosecution of his business to plaintiff's pecuniary injury.

ID.—RIGHTS OF ORGANIZED LABOR.—Labor may organize for mutual benefit and self-protection, and organized labor has the right to effect its objects and purposes by all lawful means, lawfully exercised.

ID.—FREE SPEECH—PROPERTY RIGHTS—GUARANTIES OF CONSTITUTION—MAXIM—PROTECTION OF ALL CLASSES.—The right of free speech is guaranteed to all citizens by the constitution; but it also guarantees them the right of acquiring, possessing, and protecting property, and obtaining safety and happiness; and it is a maxim

of jurisprudence prescribed by law that "one must so use his rights as not to infringe upon the rights of another." These guaranties are equally important to and equally necessary for the protection of all classes of citizens.

ID.—ACTS ENJOINED—CERTAINTY OF JUDGMENT.—The court was not required in its judgment to enumerate the particular acts of intimidation enjoined, and where its meaning is plain, and it leaves to the members of the labor union as intelligent, law-abiding citizens to determine what they may safely do without violating its provisions, it is sufficiently certain.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Coonan & Kehoe, for Appellants.

Henry L. Ford, and George B. Collons, for Respondent.

CHIPMAN, P. J.—The defendants are members and agents of the Cooks and Waiters' Alliance, Local No. 220, of the city of Eureka, and plaintiff is the proprietor of the so-called Fairwind Restaurant at that city. The action is for an injunction restraining defendants "from the commission of any acts or the use of any methods within or in the immediate vicinity of the plaintiff's said restaurant and premises, which will tend to hinder, impede, or obstruct the plaintiff in the transaction of the business of said plaintiff at said Fairwind Restaurant in said premises, or hinder, intimidate or annoy the patrons or customers of plaintiff as they visit said restaurant and premises and depart from the same, and from annoying and intimidating persons who may desire to work in plaintiff's said premises." Plaintiff had judgment, from which defendants appeal, and from the order denying their motion for a new trial.

The brief of appellants is confined to a discussion of the alleged insufficiency of the evidence to sustain the findings. The particular parts of the findings thus attacked are quoted in the brief and are as follows: That defendants members of said association "have interfered with and intimidated persons who desired to visit said restaurant for the purpose of

patronizing the same, by telling them that they were making a mistake in patronizing said restaurant, and that nothing but a scab would go in there [meaning plaintiff's restaurant] ; . . . that they would be sorry for themselves if they continued to patronize said restaurant, and thereby willfully and maliciously intimidated the patrons and intended patrons of said restaurant and caused them to refrain from patronizing said place of business," etc. (finding IV) ; that "the said defendant Harry Smith and other defendants have followed persons who intended to patronize plaintiff's said place of business and have prevented them from entering said place of business and patronizing the same" (finding V) ; that said defendants "willfully and maliciously patrolled the sidewalk in front of plaintiff's said place of business for the purpose of driving said customers or patrons away from said restaurant" (finding IV).

Appellants contend that the words used in the findings, such as "threats," "acts of intimidation," "interfered with," "driven away," or "prevented," as applied to the conduct of defendants toward the patrons of plaintiff, imply force, and that "the evidence does not warrant a finding that implies that force was used." We do not think these words as used in the findings and judgment imply that it was necessary to show physical force on the part of defendants toward any one. Persons might have been "prevented" from patronizing plaintiff, or "driven away" from his place of business or "interfered with" in an attempt to go into or out of his restaurant, by conduct falling short of actual violence, and yet the conduct might be of such character as to effect the object of defendants to the injury of plaintiff in a way which could not be adequately measured in an action for damages. We are cited by appellant to section 9 of article I of the constitution of California, which guarantees the right to every person to "freely speak, write, and publish his sentiments on all subjects," etc. It is argued that it is not unlawful for any person to go to or stay away from plaintiff's restaurant, and hence there could be nothing unlawful in any one of defendants requesting any patron of plaintiff's restaurant to remain away therefrom; that the motive of the person in making the request is immaterial; and if the request can be made of one it can be made of all patrons of plaintiff. Furthermore,

if this may be done verbally, it may be done in writing, and he may make the request on a banner such as was used in front of plaintiff's restaurant, which read: "Boycott—Fair-wind Restaurant, declared an unfair restaurant by Cooks and Waiters' Alliance, Local No. 220. Public is asked not to patronize the place." It is also argued that "boycotting" is not actionable *per se,* and so with "picketing," and hence, as we infer, not restrainable by injunction. We do not find it necessary to enter upon a discussion of the right of labor to organize for mutual benefit and self-protection. All sane-thinking persons concede this right. And it cannot be doubted that organized labor has the right to effect its objects and purposes by all lawful. means, lawfully exercised. Nor are we called upon to lay down general rules by which labor organizations should be governed in their relation to the business interests of the country and to society. We are to deal alone with the facts presented in this particular case, and the principles of law by which they shall be governed.

While the right of free speech is guaranteed to all citizens by the constitution, there is also guaranteed to them by the same constitution the right of "acquiring, possessing, and protecting property; and possessing and obtaining safety and happiness" (art. I, sec. 1); and it is a maxim of jurisprudence prescribed by the statute law of this state that "one must so use his rights as not to infringe upon the rights of another." (Civ. Code, sec. 3514.) These guaranties are equally important to and equally necessary for the protection of all classes of citizens. The difficulty in most cases is to apply the principles governing these correlated rights in particular cases as they arise. Appellants concede that boycotting and picketing may become "objectionable by reason of the acts done in prosecuting the boycott or in picketing," and, this much conceded, it follows that they may be resorted to by such unlawful means and in such reprehensible manner as to bring the persons therein engaged within the restraining power of the courts. That a boycott was declared and being enforced against plaintiff by defendants is not disputed. One of the defendants testified to its object as follows: "We wanted to keep people from patronizing Mr. Jordahl's while he refrained from getting a union card. We wanted to keep everybody from patronizing him as much as we could. It

did not matter who it was, everybody we could keep from patronizng him we would do the best we could to keep them away. If Mr. Jordahl had come in and acceded to our terms that minute the boycott would have been declared off; and would have been kept on as long as he wouldn't had it not been for the injunction of the court. The boycott would have been on now if it had not been for the injunction of the court. I was a member of the committee that had exclusive power to act in this particular matter." The evidence was conflicting as to the acts which the court found amounted to intimidation of the patrons of plaintiff and to an unwarrantable interference with the peaceable prosecution of his business and to plaintiff's pecuniary injury. The well-settled rule of the supreme court, which therefore must be followed by this court, is, that the findings of the trial court will not be disturbed, but must be accepted, where there is a substantial conflict in the evidence. And under this rule the appellate court is not permitted to determine where the preponderance of the evidence rests. If there was any substantial evidence to support the findings we must hold it sufficient. The responsibility of weighing the evidence is upon the trial court or the jury, where the trial is by jury. Upon a careful examination of the record we think there is sufficient to sustain the findings. We do not understand that the trial court decided that carrying a banner, such as was carried in this instance, in the street in front of plaintiff's restaurant, was unlawful or that the judgment necessarily rested on such acts, and no question involving such acts is before us. The judgment enjoins defendants "from stationing themselves in the doorway of said restaurant or upon the sidewalk in front of the same and there interfering with the business of plaintiff by intimidation, insults, or threats to his patrons, thereby inducing persons not to patronize the restaurant of said plaintiff; and said defendants, . . . are hereby especially enjoined from in any manner interfering with the said business of plaintiff by means of threats or intimidation of any kind or nature, directed against the patrons or customers . . . of said plaintiff and from interfering by means of threats or intimidation with any person that may be working for plaintiff or may desire to work for him in his said restaurant."

Appellants finally complain that the judgment should be reversed because "it is so indefinite and uncertain that it is

impossible to ascertain therefrom what acts defendants are enjoined from performing.'' The court was not called upon nor was it practicable to enumerate the particular acts which in its opinion would be regarded as acts of intimidation to customers or threats used for the purpose of diverting patrons from plaintiff's restaurant. Defendants are presumed to be intelligent and law-abiding citizens and, as such citizens, the court was content to leave to them the determination of what particular acts they could in future safely resort to without violation of its directions. The meaning of the judgment is plain enough, and so long as defendants keep within the intention expressed by the court they will be within their rights so far as any violation of this judgment may be involved.

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.